IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| KERI TAYLOR HAIRE,<br><br>    Plaintiff,<br><br>    vs.<br><br>USAA, *et al.*,<br><br>    Defendants. | Civil No. 25-00202 MWJS-WRP<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT |

**INTRODUCTION**

On May 15, 2025, pro se Plaintiff Keri Taylor Haire filed a complaint against "every business [she's] ever associated with," as well as various government agencies and officials. ECF No. 1, at PageID.1 (capitalizations omitted). Haire simultaneously filed an application to proceed in forma pauperis (IFP), that is, without prepayment of fees or security. ECF No. 2. When an applicant seeks to proceed without prepayment of fees, the court must screen the complaint to ensure, among other things, that it states a claim upon which relief can be granted. Because Haire's complaint does not meet the requirements of Federal Rule of Civil Procedure 8, the court DISMISSES it with leave to amend and DENIES the IFP application as moot. As detailed below, to proceed with this case, Haire must file an amended complaint and either file a new IFP application or pay the filing fees in full by July 16, 2025.

## DISCUSSION

### A.    Screening of Haire's Complaint

When a litigant asks to proceed without prepayment of fees, the court is statutorily required to screen the complaint for other deficiencies.  *See* 28 U.S.C. § 1915(e)(2).  Because pro se plaintiffs often face significant hurdles in navigating the court system, courts construe their pleadings liberally.  *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  But the court must nonetheless dismiss claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit.  *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Screening under § 1915(e)(2) involves the same standard that is used under Federal Rule of Civil Procedure 12(b)(6).  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a particular defendant for specific misconduct.  *See id.*

Rule 12(b)(6) is read in conjunction with Rule 8.  *Zixiang Li v. Kerry*, 710 F.3d 995, 998-99 (9th Cir. 2013).  Federal Rule of Civil Procedure 8(a)(2) requires every pleading to include "a short and plain statement of the claim showing that the pleader is entitled to

2

relief." Fed. R. Civ. P. 8(a)(2).  One of the reasons for this requirement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).  The Supreme Court has explained that "the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (cleaned up).  "Illegible allegations do not satisfy" the requirements of Rule 8.  *Turner v. Polo Towers Master Owners Ass'n, Inc.*, No. 17-cv-02042, 2018 WL 6929244, *2 (D. Nev. Dec. 6, 2018).

Haire's complaint does not meet Rule 8's requirements.  The complaint consists of handwritten notes in the body and margins of a civil complaint form.  *See* ECF No. 1.  The handwriting is difficult to read, and it does not appear to contain any intelligible factual allegations or claims for relief.  The court can make out a handful of phrases scattered throughout the complaint.  *See, e.g., id.* at PageID.2 ("Protection from businesses, employment, judges, attorneys, police, medical staff, child services[,] banking financial institut[ion]s, insurance, government housing, relocations for me [and] my child[.]" (capitalizations omitted)); *id.* ("Prevent attorneys, police, medical and all from video/audio recordings of me[.]" (capitalizations omitted)); *id.* ("Return my child to my custody with certified records . . . ."); *id.* at PageID.4 ("Everything I have ever bought has been stolen, altered/damaged, used by other business in abusive ways for their benefit." (capitalizations omitted)); *id.* at PageID.5 ("Why are people recording

3

. . . ? Who?"). But it is not clear from these phrases what misconduct is alleged, who specifically is alleged to have committed it, when any such conduct occurred, or what claims are asserted based on that conduct. The complaint is therefore DISMISSED for failure to comply with Rule 8. *See, e.g.*, *Turner*, 2018 WL 6929244, *2 (dismissing largely illegible handwritten complaint for failure to comply with Rule 8); *Dustin v. Galaza*, No. 05-cv-00697, 2008 WL 324106, at *3 (E.D. Cal. Feb. 5, 2008) (recommending dismissal on same grounds), *adopted by*, 2008 WL 880552 (E.D. Cal. Mar. 31, 2008), *aff'd*, 344 F. App'x 376 (9th Cir. Sept. 1, 2009); *Tamayo v. City of Glendale*, No. 19-cv-10284, 2020 WL 136633, at *1 (C.D. Cal. Jan. 13, 2020) (explaining that the complaint violated Rule 8 because it failed "to allege the basic who, what, when, where, and why" of the plaintiff's claims).

Because it is possible that the complaint could be amended to state a claim, however, the court GRANTS Haire leave to amend. *See* Fed. R. Civ. P. 15(a)(2); *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Any amended complaint must be filed by July 16, 2025, and it must cure the deficiencies identified in this Order. The court cautions Haire that to pass screening, any amended complaint must be handwritten or typed in a legible font, and it must state a claim for relief. *See* 28 U.S.C. § 1915(e)(2); LR10.2(a)(3) ("All documents shall be clearly legible . . . ."). In addition, Haire must "reproduce the entire pleading as amended and may not incorporate any part of" the original complaint by reference. LR10.4.

### B.     Haire's In Forma Pauperis Application

Because the complaint is dismissed with leave to amend, the court also DENIES the IFP application, ECF No. 2, as moot and does not decide the application's sufficiency at this time.  To proceed with this action, Haire must either pay the filing fee or file a new IFP application together with her amended complaint by July 16, 2025.  While the court makes no decisions on the merits of the existing IFP application, the court notes that in its current form, the IFP application is incomplete and, like the complaint, difficult to read.  Haire is cautioned that she must fill out any renewed IFP application in its entirety and must clearly handwrite or type it.  *See* LR10.2(a)(3).  She must, for example, legibly state the amount of income she receives from business, profession, or other self-employment; gifts or inheritances; and any other sources.  *See* ECF No. 2, at PageID.8 (checking "yes" on those income sources).  Any IFP application must explain with particularity why Haire cannot pay the filing fees and still afford the necessities of life.  *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

## CONCLUSION

For the foregoing reasons, the court DISMISSES Haire's complaint, ECF No. 1, with leave to amend and DENIES her IFP application, ECF No. 2, as moot.  Haire must file an amended complaint and either file a new IFP application or pay the filing fees associated with this action on or before July 16, 2025.  Failure to timely file an amended complaint and to either file a new IFP application or pay the filing fees by that deadline

will result in automatic dismissal of this suit without prejudice and without further notice.

    IT IS SO ORDERED.

    DATED: June 16, 2025, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

---

Civil No. 25-00202 MWJS-WRP; *Keri Taylor Haire v. USAA,* et al.; ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT